### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

**MELISSA BAIN**                                                                    **PLAINTIFF**

**v.**                                                                   **No. 3:23-cv-567-BJB**

**JEFFERSONTOWN POLICE**                                             **DEFENDANTS**
**DEPARTMENT, ET AL.**

### MEMORANDUM OPINION & ORDER

An unknown assailant allegedly attacked *pro se* plaintiff Melissa Bain in a food-stamp transaction gone bad at an unidentified location in February of 2013. According to the Complaint (DN 1-2) ¶ 21, the perpetrator repeatedly stabbed Bain, leaving her with multiple wounds to the neck, face, and elsewhere. She received treatment (including "729 stitches") at a local hospital. ¶¶ 1, 21.

This lawsuit doesn't target her attacker, however. The Defendants are the law-enforcement officer and police department that she says failed to apprehend that attacker or properly investigate her case. After her release from the hospital, the Jeffersontown Police Department set aside an outstanding arrest warrant against Bain, fulfilled her request to be taken to a Ramada Inn, and allowed her to recuperate there. ¶ 21. Police checked on Bain there for each of the following five days. ¶¶ 22–23. On the fifth day, they told her that they had no leads or suspects concerning the attack, and that they would reach out to her with any updates. ¶ 24.

\*

Despite unanswered questions about the investigation, Bain apparently left it alone for seven years. In April of 2020, however, she called the Jeffersontown Police Department to ask about her case. She alleges that she spoke to a department employee, Heather Keller, who told her that no record of her attack or any subsequent investigation existed. ¶ 1. Keller then instructed Bain to locate her 2013 medical records so the Department could open an investigation. *Id.* The Complaint describes several additional communications between Bain and the Department, Detective Richard Burns, and the FBI during the following months. ¶¶ 6–8.

The last contact between Bain and the Department, according to the Complaint, occurred on August 8, 2022. That day she allegedly received an email attaching case information and reports from the 2013 incident—though Bain asserts these documents contain factual errors and inconsistencies. ¶¶ 10–11, 14–20.

Fourteen months later, Bain filed this *pro se* suit claiming that the Department and Burns violated her civil rights by depriving her of her "right to a fair investigation."  ¶ 26.  She demands $20 million in damages, largely for the injuries caused by the 2013 attack, and a court order instructing the Department to reopen its investigation into her attack.  *Id.*

**\* \***

Courts liberally construe pleadings and documents filed by *pro se* litigants.  A complaint such as Bain's, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  And the Court of course accepts all of Bain's allegations as true at this stage of the litigation.  Although the Complaint doesn't mention a specific law or legal precedent that the Department and Burns allegedly violated, the pleadings most plausibly resemble a claim under 28 U.S.C. § 1983 for a violation of Bain's civil rights under color of state law.

 "In all actions brought under § 1983 alleging a violation of civil rights or personal injuries, the state statute of limitations governing actions for personal injuries is to be applied."  *Hughes v. Vanderbilt University*, 215 F.3d 543, 547 (6th Cir. 2000).  The relevant statute of limitations in Kentucky is one year.  KRS § 413.140(1)(a).  Bain alleges that her last interaction with the Department or Burns happened on August 8, 2022.  Complaint ¶¶ 8, 10–11.  She did not file this suit until October 12, 2023, however, more than fourteen months later—and more than nine years after her attack.  She doesn't allege any other occurrence that could possibly give rise to a cause of action under § 1983.  So her claim is time-barred.  Even the most generous reading of Bain's pleadings indicates that she waited at least two months too long to complain about any act by Burns or the Department.

Bain offers several excuses for her delayed filing, but none amount to exceptional circumstances that might justify equitable tolling.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Bain has not done so.  She notes that she struggled to find a lawyer despite calling several.  Sur-reply to Defendants' Motion to Dismiss (DN 8) at 1.  But a "[l]ack of representation is not on its own sufficient to warrant equitable tolling."  *Brown v. Unknown Party*, No. 22-3128, 2023 WL 2818004, at \*1 (7th Cir. Apr. 7, 2023), reh'g denied, No. 22-3128, 2023 WL 3310209 (7th Cir. May 8, 2023).  And Bain offers no explanation why securing representation or filing her *pro se* complaint earlier "arose from circumstances beyond [her] control."  *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000).  She also complains that no police report existed August 2022.  Sur-reply at 1.  This date still falls more than a year before her complaint,

though—a date that itself comes years after the underlying assault and investigation. Bain cites other vague concerns about timing—delays due to e-filing, calls to the mayor and governor for help, and repeated interactions with the clerk's office—but none gives this Court any reason to find exceptional circumstances that might warrant tolling. *Id.*

\* \* \*

Even if the claims weren't untimely, Bain's pleadings wouldn't survive the Defendants' motion to dismiss (DN 4). The Defendants point to further failings: that 1) Bain does not allege facts that would entitle her to relief under § 1983, 2) the Department, as a department of local government, enjoys protection from municipal liability and is therefore not subject to suit, and 3) Burns is protected by qualified immunity. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The barebones allegation that the Department and Burns did not properly investigate Bain's case does not appear to state a claim that, if proven, would entitle her to relief. Failure-to-protect claims are quite difficult to establish, *see generally DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 195 (1989), and Bain offers a failure-to-investigate variant that appears even less grounded in civil-rights law. Nor has she pointed to any reason why a federal court order that a state agency undertake a criminal investigation wouldn't violate basic federalism and the separation of powers. Nor any basis to conclude that Burns allegedly violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Nor why the Department "'implement[ed] or execute[d] a policy statement, ordinance, regulation, [ ] decision' . . . or . . . 'custom'" that amounted to a "constitutional deprivation." *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003) (quoting *Monell v. Department of Social Services*, 436 U.S. 658, 690–91 (1978)). All these legal barriers halt some or all of Bain's claims from moving forward.

\* \* \* \*

Finally, Bain also filed a "motion for judgment" (DN 9) while this motion to dismiss was pending before the Court. This motion reiterates her request for $20 million and her objections to the way the Department and Burns handled her case. The motion doesn't offer any reason why judgment in her favor is appropriate or timely, however, and none is apparent to the Court.

3

**ORDER**

The Court grants with prejudice Defendants' motion to dismiss (DN 4), denies Bain's motion for judgment (DN 9), and strikes the case from the active docket.