UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**MELISSA BAIN**                                                                                             **PLAINTIFF**

**v.**                                                                                              **No. 3:23-cv-567-BJB**

**JEFFERSONTOWN POLICE**                                                                              **DEFENDANT**
**DEPARTMENT, ET AL.**

### MEMORANDUM OPINION & ORDER

*Pro se* plaintiff Melissa Bain accused the Jeffersontown Police Department and Detective Richard Burns of violating her civil rights. In 2013, she says, the Defendants failed to identify or apprehend an attacker who repeatedly stabbed her, causing serious injuries. And between 2020 and 2022, Bain alleges that the Defendants declined to re-investigate the alleged assault with the vigor and pace she thought it deserved. Complaint (DN 1–2). This Court construed these allegations as asserting claims that the Defendants violated her constitutional rights and demanding $20 million in damages under 42 U.S.C. § 1983. The Defendants filed a motion to dismiss (DN 4), which the Court granted because Bain's allegations came too late; they all fell outside the one-year statute of limitations, even assuming she is right that the Defendants' actions continued until August 2022. *See* Opinion and Order Granting Motion to Dismiss (DN 11); Final Judgment (DN 12).

Bain promptly filed a notice of appeal (DN 13) and motion for reconsideration (DN 16). The Court of Appeals for the Sixth Circuit held her appeal in abeyance pending this Court's resolution of her reconsideration request. DN 17.

"[U]nder Federal Rule of Civil Procedure 60(b)," a request for an "extraordinary remedy" such as Bain's reconsideration motion may be "granted only upon a showing of exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502–03 (6th Cir. 2000). A court may relieve a party from a final judgment or order under Rule 60(b) for these reasons:

> "(1) mistake, inadvertence, surprise, or excusable neglect;
>
> "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> "(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

1

"(4) the judgment is void;

"(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

"(6) any other reason that justifies relief."

FED. R. CIV. P. 60(b).

"[A] Rule 60(b) motion is properly denied where the movant attempts to use such a motion to relitigate the merits of a claim and the allegations are unsubstantiated." *Barnes v. Clinton*, 57 F. App'x 240, 241 (6th Cir. 2003)

Here, Bain asks the Court to "reevaluate or look over the material that has already been handed in by myself the plaintiff Melissa bane and also the response from the defendants J-Town Police department and detective Richard Burns." Motion for Reconsideration at 1. In particular, Bain asks the Court to reconsider her allegations that JPD improperly altered or modified dates appearing on police reports concerning both the initial 2013 incident and her interactions with JPD in 2020–22. *Id.* Read charitably, she may be suggesting that the date on the August 2022 police report is mistaken, such that she did in fact file within a year of that alleged action. Bain asserts that law enforcement admitted the date was wrong, but doesn't appear to have supplied any reason or factual allegation for that contention.

Bain's request for reconsideration therefore does not allege any mistake by the Court, newly discovered evidence, fraud or misrepresentation, new circumstances concerning the judgment, or any other reason that would justify relief. FED. R. CIV. P. 60(b). Her request for the Court to "reevaluate and look over" materials that she has already submitted (and that the Court considered in dismissing her claims), Motion at 1, does not provide any reason under the enumerated circumstances of Rule 60(b) why the Court should grant her request for reconsideration. Rather, it is merely a request to relitigate the merits of her claim without any new reason or information suggesting the Court's prior decision was wrong. So the Court denies her motion. *Barnes v. Clinton*, 57 F. App'x at 241.

## ORDER

The Court denies Plaintiff's motion for reconsideration (DN 16). This is a final order.

Benjamin Beaton, District Judge
United States District Court

July 19, 2024

2